IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

    Petitioner,

    v.                                            CASE NO. 22-3201-JWL-JPO

**J. ARMBRISTER,**

    Respondent.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Douglas County Jail in Lawrence, Kansas, proceeds pro se. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

In his instant Petition under § 2241, Petitioner claims ineffective assistance of counsel, excessive bond, and excessive fines in Case Nos. 21-CR-818 and 21-CR-822 pending in the District Court of Douglas County, Kansas. (Doc. 1, at 6–8, Doc. 1–1.) Petitioner also states in Ground Four that he:

1

> has been subjected to the treatment of a convicted inmate having undergone disciplinary action procedures in which should not be perpetrated, treatment of the Petitioner has been unfair in denying adequate effective medical treatment, to be able to have recognition before the law and national tribunal to bond, conditions of release, and speedy disposition of claim.  Equal rights before the tribunal for dismissal and acquittal have been denied.  State representative has been given too much slack.[1]

(Doc. 1, at 7.)

An online Kansas District Court Records Search shows that Case Nos. 2021-CR-818 and 2021-CR-822 are currently pending in the District Court of Douglas County, Kansas.  The docket for Case No. 2021-CR-818 shows the case as pending, with a pretrial conference scheduled for December 2, 2022, and a jury trial scheduled for December 14, 2022.  *See State v. Price*, Case No. 2021-CR-818, filed September 10, 2021, District Court of Douglas County, Kansas.  The docket for Case No. 2021-CR-822 shows the case as pending, with the same deadlines for the pretrial conference and jury trial as those set in Case No. 2021-CR-818.  *See State v. Price*, Case No. 2021-CR-822, filed September 13, 2021, District Court of Douglas County, Kansas.

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886).  In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen

---

[1] To the extent Petitioner believes he has a claim regarding his medical care at the Douglas County Jail, such a claim must be brought under 42 U.S.C. § 1983. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971)—not through federal habeas proceedings.") (citations omitted); *see also Hubbard v. Nestor*, 830 F. App'x 574 (10th Cir. 2020) (unpublished) (pretrial detainee's claim that he was punished when placed on disciplinary status or disciplinary segregation in violation of due process rights was brought under 42 U.S.C. § 1983) .

of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal quotations omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165

(citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted). The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id*.

Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus. He does not allege that the state is detaining him for committing an act

done in pursuance of federal law or under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial. In fact, his trial in both cases is currently set for December 2022.

The Court notes that Petitioner has previously filed § 2241 petitions in this Court based on his ongoing state criminal proceedings. The Court found in Case No. 21-3248 that:

> The online records of the Douglas County District Court show that Petitioner was arrested and criminally charged in September 2021. Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 27, 2021. (Doc. 1.) As his first ground for relief, Petitioner asserts that the state district court judge set his bond at an excessive and unattainable amount. *Id.* at 6. As his second ground for relief, he alleges that his substantive due process rights have been violated by his allegedly unlawful incarceration for over 30 days. *Id.* As his third ground for relief, Petitioner alleges that his counsel has provided ineffective assistance by failing to get his bond amount reduced. *Id.* As his fourth ground for relief, Petitioner asserts that he has no way of utilizing administrative remedies. *Id.* at 7. He asks the Court to exonerate him. *Id*.

*Price v. Kansas*, Case No. 21-3248-SAC, Doc. 3, at 2 (D. Kan. Oct. 29, 2021).[2] The Court stated in Case No. 21-3259 that:

> From the petition, it appears that on November 1, 2021, Petitioner was arrested on a bench warrant issued by the Shawnee County District Court in case number 2020-CR-002508. (Doc. 1, p. 1.) The online records of the Shawnee County District Court indicate that in that case, Petitioner is facing a criminal charge of felony battery on an on-duty law enforcement officer or a city or county officer or employee. On November 8, 2021, Petitioner filed in this Court his § 2241 petition, in which he asserts four grounds for relief, all based on the validity of the charge in case number 2020-CR-002508. (Doc. 1.)

*Price v. Kansas*, Case No. 21-3259-SAC, Doc. 3, at 1–2 (D. Kan. Nov. 15, 2021).

In both of these prior cases, the Court advised Petitioner about the doctrines of abstention set forth above and ultimately dismissed the petitions without prejudice based on those doctrines.

---

[2] The September 2021 charges appear to be the same charges underlying Case Nos. 2021-CR-818 and 2021-CR-822.

Likewise, the instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecutions in the District Court of Douglas County, Kansas. The criminal cases against Petitioner are ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Douglas County, Kansas.

Petitioner is therefore directed to show good cause, in writing, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **October 11, 2022,** in which to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated September 16, 2022, in Kansas City, Kansas.**

> S/   James P. O'Hara
> JAMES P. O'HARA
> UNITED STATES MAGISTRATE JUDGE