IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN TIMOTHY PRICE,

    Petitioner,

    v.                                                CASE NO. 22-3201-JWL-JPO

J. ARMBRISTER,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Douglas County Jail in Lawrence, Kansas, proceeds pro se. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directed Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). (Doc. 3.)

Petitioner has filed a response (Doc. 4) arguing that there are delays in his state proceedings and they are not progressing quickly enough. The Court understands Petitioner's frustration with the pace of his state-court proceedings. However, it appears that avenues for state-court relief still may remain available for Petitioner. For example:

> Mandamus is "a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. A "writ of mandamus seeks to enjoin an individual or to enforce the personal obligation of the individual to whom it is addressed," and "rests upon the averred and assumed fact that the respondent is not performing or has neglected or refused to perform an act or duty, the performance of which the petitioner is owed as a

1

clear right."

*Schwab v. Klapper*, 315 Kan. 150, 154 (2022) (quoting *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1024 (1984)).  Kansas Supreme Court Rule 9.01 sets forth the procedure for initiating an original action in mandamus in the Kansas appellate courts.  This Court offers no opinion on the likelihood of success of such an action, and merely notes that there are state-court remedies available.

Petitioner has also filed a supplemental response (Doc. 6), stating that "[a]lthough filed in the wrong jurisdiction and/or district court or national tribunal, the dialogue, and/or contents of the Petition denote the show cause for necessary initiation of action, in itself."  (Doc. 6, at 1.) Petitioner also suggests that he erred in not obtaining a form to request the appointment of counsel and indicates that he will write to the clerk's office to obtain the form.  *Id*.

Petitioner has failed to show good cause why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).  Therefore, the Court dismisses this matter without prejudice.  Because this matter is being dismissed, any request for the appointment of counsel is denied.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant."  The Supreme Court has provided that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the

denial of a COA.  *Id*. at 485.   The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason.   Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

**IT IS SO ORDERED**.

Dated October 13, 2022, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**